PER CURIAM.
Appellant seeks review of an adverse final judgment rendered in favor of appel-lees in an action to recover delinquent rent under a real estate lease entered into between the parties, and for other relief. The effect of the judgment is to hold that the lease agreement relied on by appellant for the relief he seeks is null, void and of no effect because the conditions precedent to its acceptance by appellees were never met.
The evidence is conflicting on the issue of whether the lease in question ever became a binding contract between the parties because of appellant’s failure to properly repair the roof of the building before delivering possession of it to appel-lees, which repair was made a condition of appellees’ acceptance of the lease and waiver of appellant’s prior default thereunder. It was the province of the trial court to resolve such conflicts and determine which witnesses were worthy of belief.
We find in the record substantial evidence to support the trial court’s finding that appellant failed to meet the condition of appellees’ waiver of the prior breach of the agreement and acceptance of the contractual obligations specified in the lease. The element of mutuality having been found lacking, the lease never came into being as a binding contract between the parties. It follows that the provisions of the lease which require that notice be given by the tenant of defects which the landlord is obligated to cure before the tenant is justified in cancelling the lease under the theory of constructive eviction have no bearing upon the issues in this case.[1] The judgment appealed is affirmed.
WIGGINTON and CARROLL, JJ., concur.
SPECTOR, C. J., dissents.

. 40 Am.Jur.2d 806, Landlord and Tenant, § 838; 17 Am.Jur.2d 400, Contracts, § 62; 7 Fla. Jur. 84-85, Contracts, § 25.